IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALYN MINSHEW, ROBERT J. MINSHEW, JANETTE STRONG; MARTHA LEVY, individually, and on behalf of her Spouse LAWRENCE H. LEVY, Deceased, PATRICK LANG, and JUDITH BUZZARD-GERRITY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DR. JOHN W. SHOOK, M.D., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Dr. John W. Shook M.D. ("Shook"), and Dr. Bartosz T. Grobelny, M.D. ("Grobelny")(collectively, "Defendants"), by and through their attorneys, hereby submit this Notice of Removal to the United States District Court for the District of Kansas, of the above-styled action, pending as Case No. JO-2024-CV-006129 in the District Court of Johnson County, Kansas. In support of this notice and as grounds for removal, the Defendants state as follows:

### BACKGROUND

1. Plaintiffs Geralyn Minshew, Robert J. Minshew, Janette Strong, Martha Levy, on behalf of her spouse Lawrence H. Levy, Patrick Lang, and Judith Buzzard-Gerrity ("Plaintiffs") filed their Class Action Petition ("Petition") in Kansas State Court on December 27, 2024. *See* State Court Docket, attached as Ex. 1; Petition, Ex. 2.

2. Plaintiffs' Petition named the Defendants, in addition to separate defendants Dr. John W. Krumme, M.D. ("Dr. Krumme"), Dr. Theodore Koreckij, M.D. ("Dr. Koreckij"), Dr. Tim Roberts, M.D. ("Dr. Roberts"), Dr. Spencer L. Eagan ("Dr. Eagan"), Dickson-Diveley Midwest Orthopaedic Clinic, LLC ("Dickson-Diveley"), Advanced Orthopedics and Sports Medicine, PA D/B/A Sano Orthopedics ("Sano"), Saint Luke's Hospital of Kansas City ("Saint Luke's Hospital"), Saint Luke's South Hospital ("Saint Luke's South Hospital"), Saint Luke's Health System, Inc. ("Saint Luke's Health System"), Saint Luke's Physician Group, Inc. ("Saint Luke's Physicians"), John Does 1-50 Inclusive, and Corporate Does 1-50 Inclusive. *Id.*

3. The Petition contained eight counts: (I) Negligence, (II) Negligence *per se* (Federal CMS Regulations), (III) breach of fiduciary duty, (IV) breach of express contract, (V) breach of implied contract, (VI) unjust enrichment, (VII) violations of Kansas Consumer Protection Act ("KCPA,"), (VIII) medical malpractice, and (IX) fraud. *See* Ex. 2, ¶¶ 168-273.

4. Plaintiffs' Petition includes a request for injunctive relief. *See* Ex. 2, ¶ 6.

5. Plaintiffs' Petition, in general, alleges a class action against all named defendants stemming from an alleged failure to properly sterilize surgical equipment. *Id.*

6. Plaintiffs' Amended Petition contains the following proposed Class Definition:

> Any and/or all United States residents, except for Missouri citizens, who were exposed and/or charged by Defendants despite Defendants failure to maintain proper sterilization practices and procedures as required by Federal Law and/or State Law.

*Id.*, ¶ 159.

## REMOVAL IS TIMELY

7. Defendant Dr. Shook was served on July 23, 2025 and therefore, less than thirty (30) days have elapsed between service of process upon Dr. Shook and the filing of this removal.

8. Defendant Dr. Grobelny was served on July 24, 2025 and therefore, less than thirty (30) days have elapsed between service of process upon Dr. Grobelny and the filing of this removal.

9. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

## GROUNDS FOR REMOVAL

10. Plaintiffs' Petition is removable on the basis of federal question jurisdiction and CAFA diversity jurisdiction.

### I. Federal Question and Supplemental Jurisdiction

11. Federal district courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. This is commonly referred to as "federal question jurisdiction." *Gilmore v. Weatherford*, 694 F.3d 1160, 1170-72 (10th Cir. 2012).

12. Plaintiffs' Petition confers federal question jurisdiction on this Court.

13. Count II of Plaintiffs' Petition alleges a claim for "negligence *per se* (Federal CMS Regulations) against all Defendants," and is founded almost entirely upon alleged violations of numerous "**Federal CMS Regulations**," including 42 CFR 482.12, 42 CFR 482.21, 42 CFR 482.42, 42 CFR 482.51, 42 C.F.R. Part 482, Subparts A, B, C, D, and E. *See* Ex. 2 at ¶¶ 184-197 [emphasis added].

14. Moreover, Count II of Plaintiffs' Petition alleges "the Secretary of Health and Human Services was empowered under 42 U.S.C. § 1302 to make and publish such rules and regulations as necessary for the efficient administration of the Secretary's function in administering Medicare and Medicaid." *See* Ex. 2 at ¶ 186. "At all relevant times, certain of the regulations duly promulgated by CMS were in effect, had the force of law, and were applicable to facilities such as Defendants operate." *See* Ex. 2 at ¶ 188.

15. Since resolution of Plaintiffs' Count II must necessarily involve resolution of federal questions—including a determination whether the cited federal regulations are applicable to Defendants—there should be no doubt that Plaintiffs' Count II "turns on" a "substantial federal question." The Supreme Court set out the standard for substantial question jurisdiction in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), explaining that the relevant question is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." As Plaintiffs' negligence per se claim requires a determination of whether the cited federal regulations apply to Defendants and were violated, the claim is centered on a federal issue so substantial that it warrants resolution in a federal court.

16. In addition, it is clear from Plaintiffs' proposed class definition that they seek to certify and represent a class of individuals who have allegedly been harmed by Defendants' alleged failure to comply with "**Federal Law.**" *Id.* at ¶ 159 [emphasis added].

17. Because the proposed Class which Plaintiffs seek to certify includes those who have allegedly suffered from Defendants' supposed violations of "Federal Law," federal district courts have either: (A) original jurisdiction over every cause of action or (B) supplemental jurisdiction over the causes of action that are not overtly premised on federal questions (e.g., Plaintiffs' negligence, Kansas Consumer Protection Act, fraud and medical malpractice claims) because those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *Starr v. City of Lakewood*, 2008 U.S. Dist. LEXIS 91141, *4-5, 2008 WL 4861955;

4

*Subrogation Division Inc. v. Brown*, 446 F. Supp. 3d 542, 547-49 (D.S.D. 2020); *TallBear v. Soldi, Inc.*, 2020 WL 2490047, *4-5 (D. Minn. May 14, 2020).

18. In sum, Plaintiffs' Petition is replete with references to federal laws and regulations and is premised almost entirely—if not completely—on Defendants' alleged violations of "federal law." Accordingly, Plaintiffs' Petition is removable for federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. CAFA Diversity Jurisdiction

19. Federal district courts have original jurisdiction in this case under 28 U.S.C. § 1332(d)(2) which states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a state different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

20. The diversity jurisdiction set forth in 28 U.S.C. 1332(d) for class actions only applies to class actions involving more than 100 class members. *See* 28 U.S.C. § 1332(d)(5).

21. Consequently, diversity jurisdiction for class actions pursuant to 28 U.S.C. § 1332(d) applies if: (1) the case involves a proposed "class action;" (2) the proposed class consists of more than 100 putative class members; (3) there is diversity between at least one putative class member and any one defendant, and (4) the amount in controversy could exceed $5 million.

22. Here, all four elements of diversity jurisdiction under 28 U.S.C. § 1332(d) are satisfied. First, this action is a purported "class action" for purposes of 28 U.S.C. § 1332(d)(2). "Class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, the

Plaintiffs' Petition seeks relief on behalf of a class under Kansas Rule of Civil Procedure K.S.A. 60-223, which is the Kansas state analog to Federal Rule of Civil Procedure 23.

23. Second, upon information and belief the proposed class consists of more than 100 putative class members since the proposed class definition is so overly broad and expansive. There is "**no** set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens*, 585 F.2d 432, 436 (10th Cir. 1978). Plaintiffs appear to allege that every surgical procedure that occurred at Saint Luke's Hospital over a multi-year period somehow involved contaminated instruments and according to Plaintiffs' own allegations, there were thousands of such procedures (*see* Petition, Ex. 2, ¶ 162, the "surgery team performed a record 4,282 surgeries" in 2017).

24. Third, there is at least minimal diversity under 28 U.S.C. § 1332(d)(2)(A). Unlike standard diversity jurisdiction that applies to non-class action cases where all parties must be completely diverse, class action cases only require minimal diversity, which is satisfied when any member of the proposed class is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here:

   a. The named Plaintiffs are citizens of the State of Kansas. *See* Petition, Ex. 2 at ¶¶ 7-35. However, Plaintiffs allege, Defendants Dr. Grobelny, Dr. Koreckij, and Dr. Roberts, are citizens of the state of Missouri. *Id.* ¶¶ 39-47. Furthermore, Plaintiffs' proposed class definition is not limited to just Kansas residents, but encompasses "Any and/or all United States residents, except for Missouri citizens [.]" *Id.* at ¶ 159.

   b. Plaintiffs' use of "any and/or all United States residents" in their class definition will necessarily bring in class members who are not citizens of the State of Missouri or Kansas, therefore, adding to the minimal diversity requirement. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276-79 (9th Cir. 2017); *Westerfeld v. Indep. Processing*, LLC, 621 F.3d 819, 822 (8th Cir. 2010); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788 (8th Cir. 2012).

   c. Upon information and belief, one or more members of the putative class are citizens of states other than Kansas and Missouri. Indeed, patients from all across the Midwest have been treated at Saint Luke's Hospital, and no exact formula for

evidentiary proof, nor a requirement for the allegation is necessary at this stage. *Rex*, 585 F.2d at 436.

25. Fourth, the $5,000,000 amount in controversy requirement, applicable to proposed class actions pursuant to 28 U.S.C. § 1332(d)(2), is satisfied in this case:

   a. Plaintiffs seek several damage components, including a request to claw back every dollar Defendants charged for "unsafe, unsanitary and improper sterilization practices and procedures." *See* Petition, Ex. 2 at ¶¶ 211, 220, 235.

   b. Plaintiffs appear to allege that every surgical procedure that occurred at Saint Luke's Hospital involved contaminated/unsanitary surgical instruments. *Id.*, ¶¶ 2-4, 30 ("one or more of the instruments used during each and every surgery of the Plaintiffs …were contaminated"), *Id.* ¶ 84.

   c. Plaintiffs also allege that Defendant Saint Luke's has performed thousands, if not tens of thousands, of surgeries that are allegedly at issue in this case. *See* Petition, *Id.* ¶ 162.

   d. Clearly, if Plaintiffs seek to recover every dollar paid for tens of thousands of surgeries, the alleged damages under Plaintiffs' damage model would far exceed $5 million.[1]

   e. Given Plaintiffs' allegations, common sense dictates that the jurisdictional threshold of $5 million is satisfied. *Landeros v. Singh*, 2025 WL 179159, *3 (D.N.M. June 30, 2025) (a court is "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and "may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements") (*quoting Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010)); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831–32 (8th Cir. 2005); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995).

26. Finally, application of 28 U.S.C. § 1332(d)(2) is permitted by 28 U.S.C. § 1332(d)(5) because no defendant is a governmental entity.

**PROCEDURE AND TIMELINESS OF REMOVAL**

27. 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

---

[1] The Defendants reserve all rights to contest Plaintiffs' allegations, including their damage theory, at the appropriate stage of this proceeding.

7

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28. 28 U.S.C. § 1446 provides the procedure for such removal, stating in relevant part: "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

29. This notice meets the criteria for removal under 28 U.S.C. §§ 1441 and 1446: it contains a short and plain statement of the grounds for removal, and it is timely filed within thirty days of the Defendants' receipt of Plaintiffs' Petition.

## VENUE

30. Removal to the United States District Court for the District of Kansas is appropriate. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

31. The state court action is pending in the District Court of Johnson County, Kansas, which is located in the geographical jurisdiction of this Court. Therefore, venue properly lies in the United States District Court for the District of Kansas.

## CONSENT TO REMOVAL

32. For purposes of CAFA jurisdiction, the consent of all co-defendants is not a requirement. *See* 28 U.S.C. § 1453(b).

## **NOTICE PROVIDED TO PLAINTIFFS AND STATE COURT**

33. Contemporaneously herewith, the Defendants have given Plaintiffs written notice of the filing of this Notice of Removal.

34. Further, pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be promptly filed with the Clerk of the District Court of Johnson County, Kansas.

35. Also, pursuant to 28 U.S.C § 1446(a), the Defendants file herewith a copy of all process, pleadings, orders, and other documents on file in Case No. 2416-CV10317 in the District Court of Johnson County, Kansas as Ex. 1 hereto.

36. All requirements and conditions precedent for removal to the United States District Court for the District of Kansas have been met.

## **CONCLUSION**

WHEREFORE, Defendants Dr. John W. Shook M.D. ("Shook") and Dr. Bartosz T. Grobelny, M.D. respectfully request that the above-entitled action now pending in the District Court of Johnson County, Kansas, be removed therefrom to this Court.

Dated: August 13, 2025                    Respectfully Submitted,

                                                    */s/ Joseph A. Kronawitter*

| | |
|---|---|
| Justin D. Fowler | MO #57791 |
| Joseph A. Kronawitter | MO #49280 |
| Taylor P. Foye | MO #71527 |
| Claire J. Cowherd | MO #74617 |

Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jfowler@hab-law.com
jkronawitter@hab-law.com
tfoye@hab-law.com
ccowherd@hab-law.com

***Attorneys for Defendants Dr. John W. Shook M.D. and Dr. Bartosz T. Grobelny, M.D.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

                                                  */s/ Joseph A. Kronawitter*