**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

GERALYN MINSHEW, individually and on
behalf of all others similarly situated, et al.,

       Plaintiffs,

       v.

JOHN W. KRUMME, MD, et al.,

       Defendants.

Case No. 25-2467-DDC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiffs' Motion to Amend Phase I Scheduling Order. (ECF 95.) By way of the motion, plaintiffs seek an unspecified extension of the remaining phase I scheduling order deadlines "to allow for new co-counsel." (*Id.* at 1.) As explained below, plaintiffs' motion is denied because they have not shown good cause for any extension.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness); *see also* FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard generally requires the moving party to provide an adequate explanation for the delay. *Testone*, 942 F.3d at 988. The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Discovery in this case commenced September 30, 2025. *See* ECF 96, at 1 (stating the parties held the FED. R. CIV. P. 26(f) planning conference on September 30); FED. R. CIV. P. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in most cases). On December 17, the court entered the phase I scheduling order to govern the class-certification phase of the case. (ECF 46.) The phase I scheduling order set a deadline of June 1, 2026, for class-certification discovery. (*Id.* at 2.) This gave the parties more than eight months—an unusually long amount of time—to complete class-certification discovery. The phase I scheduling order also set a June 1 deadline for plaintiffs' motions for class certification and related expert disclosures. (*Id.*) Plaintiffs' present motion does not come close to demonstrating that plaintiffs could not have met these deadlines had they acted with diligence.

The docket reflects that plaintiffs served no discovery **at all** in the first **seven months** of the discovery period. Instead, it appears plaintiffs waited until after the court ruled motions to dismiss and after a May 4 mediation was unsuccessful (*see* ECF 90) before serving their first set of interrogatories and requests for production of documents on each named defendant on May 5. (ECF 80-89.) This put plaintiffs in the predicament of having to request an extension of the class-certification discovery deadline, given that defendants' responses to such discovery were not due until June 4. (ECF 79.) On May 14, the court ruled that plaintiffs had "not demonstrated good cause for the requested relief." (ECF 92.) The court noted plaintiffs' extensive delay in "serv[ing] even the most basic written discovery" and that plaintiffs had not explained why they "could not have timely conducted this discovery if they had acted with diligence." (*Id.*) The court went on to say, "Having filed a putative class action against many defendants, it was entirely foreseeable that plaintiffs would face motions to dismiss. Moreover, the mediation deadline was included in the case schedule, and the court expects parties to meet case-management deadlines regardless of

the outcome of mediation." (*Id.*)  Indeed, the phase I scheduling order specifically contemplated that the parties would participate in mediation in parallel with meeting other case-management deadlines, so the fact that the case did not settle at mediation does not justify more time for discovery.    Nevertheless, the court exercised its discretion and granted plaintiffs' motion, extending the discovery deadline to June 4.  But in so doing, the court specifically cautioned plaintiffs to "**exercise due care to meet case-management deadlines as this case moves forward, as the court is not inclined to grant any further extensions**."  (*Id.* (emphasis added).)

In direct contravention of that caution, eight days later, plaintiffs filed the present motion to extend remaining phase I scheduling order.  The motion offers two vague reasons for the requested extensions.  First, plaintiffs say they retained new co-counsel on or before May 22.[1] Plaintiffs state that they seek time for "new co-counsel . . . to become fully acquainted with this litigation."  (ECF 95, at 1-2.)  The retention of new co-counsel does not demonstrate good cause to extend long-established deadlines.  Plaintiffs have two other attorneys who entered their appearances in August 2025 (ECF 9), so the recent appearance by additional attorneys does not explain why plaintiffs waited nearly a year and a half after filing this case to retain additional counsel.  In any event, as defendants note, because not much has happened in this case since its filing, new counsel should have been able to get up to speed pretty quickly upon their retention. If plaintiffs' original counsel had been anywhere close to being prepared to meet class-certification discovery and briefing deadlines, the addition of new counsel should have provided the additional manpower needed in the 10 days before the June 1 class-certification motion and expert deadline,

---

[1] Plaintiffs' May 22 motion mentions the new co-counsel, though it does not state the date the new counsel was retained.  Exhibit 3 to the motion includes a May 18 email from plaintiffs' long-time attorney referencing the new co-counsel.  (ECF 95-3, at 1.)

and in the 13 days before the June 4 discovery deadline.  Or at a bare minimum, perhaps plaintiffs could have requested a modest, defined extension of those deadlines.  Instead, their motion does not seek any particular extension—just an open-ended one.  This suggests that plaintiffs were so far afield from meeting class-certification deadlines that they cannot even predict what extension would be adequate.

Second, plaintiffs seem to suggest that the parties' agreement to conduct depositions after the close of class-certification discovery is good cause for an extension of scheduling order deadlines.  But plaintiffs do not even attempt to explain why they did not pursue such discovery within the lengthy, eight-month discovery period the court already allowed.  Indeed, they clearly could have done so.  The court permits parties to conduct discovery by agreement after a discovery deadline in most instances, and it appears the parties reached such an agreement here.  *See* District of Kansas Form Pretrial Order, Paragraph 7 (noting the parties may conduct ongoing discovery by agreement "so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations" and with the caveat that "the court will not be available to resolve any disputes that arise during the course of such extended discovery"); *Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (ruling FED. R. CIV. P. 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline).  Further, defendants explain that they intend to depose plaintiffs on issues going to the merits, not to class-certification, so the late-June dates the parties agreed upon for plaintiffs' dispositions have no relevance to the class-certification deadlines.  (ECF 96 at 4.)

Plaintiffs did not file a reply in support of their motion.  While a reply is not mandatory, plaintiffs' failure to counter any of defendants' strong arguments against granting a further extension in this action does not help their cause.

In sum, plaintiffs' motion does not establish any level of diligence in attempting to meet existing deadlines. While it certainly was plaintiffs' prerogative to delay discovery until after mediation, they took that approach at their own peril. They chose to file this case as a class action and should have been prepared to pursue it as such. Choosing to wait until near the end of class-certification discovery to even begin scheduling depositions and serving written discovery does not demonstrate diligence. Therefore, the court denies the motion for lack of good cause.

The court recognizes that the practical effect of this ruling is that plaintiffs have missed the opportunity to pursue class certification, given that the phase I scheduling order set a June 1 deadline for plaintiffs' motions for class certification and related expert disclosures. (ECF 46, at 2.) While unfortunate, this is a problem of plaintiffs' own making. Given plaintiffs' lack of diligence and egregious delays in pursuing their class-certification claims, denying an extension of class-certification briefing is justified. *See Candelaria v. Molina Healthcare, Inc*., Civ. No. 18-725 WJ/GBW, 2019 WL 4643946, at *5 (D.N.M. Sept. 24, 2019) (denying motion to extend deadline for class certification where movant "demonstrated an almost exceptional lack of diligence in conducting discovery and working toward class certification"); *Williams v. Euromarket Designs, Inc.,* No. 2:24-CV-02932-MWC-MAR, 2025 WL 4666394, at *2 (C.D. Cal. Nov. 10, 2025) (denying motion to extend class-certification deadline where "Plaintiff did nothing to advance the case for three months [and] [s]uch inaction is an indication that Plaintiff was not diligent"). This is particularly true here, where the court specifically warned plaintiffs just weeks ago that it was not inclined to grant any further extensions.

Plaintiffs may, of course, proceed on their individual claims. To that end, the parties are directed to submit a joint status report by **July 8, 2026**, with their proposed schedule for completing discovery on the individual claims.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Amend Phase I Scheduling Order (ECF 95) is denied.

**IT IS FURTHER ORDERED** that the parties submit a joint status report by **July 8, 2026**.

Dated June 8, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
